IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBRA S. HAYES**                )<br>      **Plaintiffs**                                )<br>                                                     )<br>vs.                                                )        C.A.No. 12-293Erie<br>                                                     )        District Judge McLaughlin<br>**WADDELL & REED, et al.,**     )        Magistrate Judge Baxter<br>      **Defendants.**                           ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendant Waddell & Reed [ECF No. 10] be granted in part and denied in part and the motion to dismiss filed by Defendant Kozik [ECF No. 12] be granted in part and denied in part. Both motions to dismiss should be granted in regard to Count XI and should be denied in all other respects. It is further recommended that Plaintiff be permitted to file an amended complaint.

**II.    REPORT**

   **A.  Relevant Procedural History**

Plaintiff Debra Hayes filed the instant action alleging various causes of action arising out of her employment relationship with Defendants Larry Kozik, a financial advisor, and Waddell & Reed, a financial planning firm. Plaintiff claims that Kozik repeatedly sexually harassed her after she refused to date him and that after she complained to Waddell & Reed about Kozik's behavior, her employment was terminated and she was replaced with a younger worker. Plaintiff

1

alleges that she was employed by both Defendants until her employment was terminated by both on October 28, 2011. ECF No. 1.

Plaintiff raises several claims:

| | | |
|---|---|---|
| Count I | Title VII | gender discrimination |
| Count II | PHRA | gender discrimination |
| Count III | Title VII | sexual harassment |
| Count IV | PHRA | sexual harassment |
| Count V | ADEA | age discrimination |
| Count VI | PHRA | age discrimination |
| Count VII | Title VII | retaliation |
| Count VIII | PHRA | retaliation |
| Count IX | state law | intentional infliction of emotional distress |
| Count X | state law | negligent infliction of emotional distress |
| Count XI | state law | prima facie tort |

ECF No. 1.

In response to the Complaint, both Defendants have filed motions to dismiss. ECF Nos. 10, 12. Defendant Kozik filed the Affidavit of his counsel Roger Taft, Esquire, in support of his motion to dismiss. ECF No. 13, 14.

Plaintiff has filed briefs in opposition to the pending motions (ECF Nos. 20, 21) and Defendants have filed reply briefs (ECF Nos. 27, 28). Following the close of briefing, Attorney Roger Taft, on behalf of Defendant Kozik, filed a motion for leave to file a supplemental affidavit. That motion was granted by this Court and the parties were thereafter permitted to file amended opposition briefs and reply briefs, which they did. ECF Nos. 33, 34, and 35.

This matter is fully briefed and is ripe for disposition by this Court.

**B. Standards of Review**

**1) Motion to dismiss pursuant to Rule 12(b)(1)**

A defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) citing Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.3d 884, 891 (3d Cir. 1977). In reviewing a facial attack, which addresses a deficiency in the pleadings, the court must only consider the allegations on the face of the complaint, taken as true, and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff. Id.; Turicentro, S.A. v. American Airlines, Inc., 303 F.3d 293, 300 (3d Cir. 2002). "The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) citing Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007).

But when a 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, "we are not confined to the allegations in the complaint and can look beyond the pleadings to decide factual matters relating to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). In reviewing a factual attack, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case ... [N]o presumptive truthfulness attaches to plaintiff's allegations." Carpet Group Int'l. v. Oriental Rug Importers Ass'n., 227 F.3d 62, 69 (3d Cir. 2000) citing Mortensen, 549 F.2d at 891. The party asserting subject matter jurisdiction bears the burden of proving that it exists. Id.; cf. Ballentine v. U.S., 486 F.3d 806, 810 (3d Cir.

3

2007) ("On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.").

### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, 556 U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at

556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> > First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. Subject Matter Jurisdiction

Both Defendants move to dismiss based upon lack of complete diversity of citizenship. See ECF Nos. 11, 15. In her opposition brief, Plaintiff acknowledges that complete diversity does not exist since Kozik and Hayes both reside in Pennsylvania. Nonetheless, the Court has

5

subject matter jurisdiction over the federal questions under Title VII and ADEA and the state law claims, which are related to the federal questions, under the doctrine of supplemental jurisdiction. See 28 U.S.C. § 1367. Therefore, the motions to dismiss for lack of subject matter jurisdiction should be denied.

### D.    Exhaustion under PHRA

Both Defendants argue for dismissal of the PHRA claims (Counts II, IV, VI and VIII) because Plaintiff fails to make any allegation regarding exhaustion[1] with the PHRC.

In her Complaint at ¶ 7, Plaintiff alleges that she filed her Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") on December 29, 2011, and received a Notice of Right to Sue on September 7, 2012. ECF No. 1, ¶ 7. In opposition to the motions to dismiss, Plaintiff argues that although she did not specifically allege as much in the complaint, she did invoke and exhaust the required administrative procedures to pursue her PHRA claims by filing her Charge of Discrimination against both Kozik and Waddell & Reed with the EEOC within the required timeframe, and electing both on the Charge itself and on a separate dual filing form that the Charge be dually filed with the PHRC. In her opposition brief, Plaintiff seeks permission to amend the complaint in this regard (ECF No. 34), providing

---

[1] 43 P.S. § 959(a) of the PHRA requires any person who claims to be aggrieved by an alleged unlawful discriminatory practice to make, sign and file with the PHRA a verified complaint, in writing, which must state the name and address of the employer alleged to have committed the unlawful discriminatory practice, as well as the particulars thereof, and which also must contain such other information as may be required by the Commission. 43 P.S. § 959(a). Furthermore, subsection (h) expressly requires that any complaint must be filed within 180 days of the alleged act of discrimination, and a complaint is deemed filed on the date on which the complaint is received by the PHRC (16 Pa.Code § 42.14(a)).

6

evidence[2] regarding her efforts before the federal and state agencies. ECF No.34-1, Affidavit of Michael Grenert, Esquire, and accompanying exhibits.

Ordinarily, a plaintiff is permitted to amend the complaint for an omission such as Hayes's failure to mention these specifics as to the PHRC. See Fed.R.Civ.P. 15(a)(2) ("court should freely give leave [to amend] when justice so requires."). However, Defendant Kozik argues that Plaintiff should not be allowed to amend because any amendment will be futile as it will not cure the exhaustion deficiency.[3] Defendant Kozik explains that he was not named as a Respondent in the dual-filing at the PHRC:

> Just as important in determining whether Hayes complied with the administrative requirements of the PHRA is what she failed to provide to the Court in support of her request to amend her Complaint. There are absolutely no PHRC documents which show that the PHRC treated Kozik as a respondent. Further, there are no PHRC documents which establish that the PHRC ever sent a copy of a complaint to Kozik as required by 43 P.S. § 959(b)(2) of the PHRA; that Kozik ever filed a written, verified answer to the complaint as required by 43 P.S. § 959(b)(3) of the PHRA; or that the PHRC ever communicated in any other way with Kozik. This is consistent with the fact that the PHRC never served Kozik with any complaint filed by Hayes with the PHRC and that the PHRC never informed Kozik that he

---

[2] The evidence before this Court demonstrates that Plaintiff filed a Charge of Discrimination with the EEOC on December 23, 2011, and that the Charge number assigned by the EEOC was 533-2012-00327. ECF No. 34-2, pages 3, 11. On the face of the EEOC Charge of Discrimination, Plaintiff indicates that she wished to have the Charge filed with both the EEOC and the state or local agency. Id. at page 3. Additionally, Plaintiff signed a separate document titled as "Information for Complainants and Election Option to Dual File with the PHRA" which listed the caption of the case as *Hayes v. Waddell & Reed, Inc.,* and references the EEOC Charge Number 533-2012-00327. Id. at page 16. The PHRC received the complaint from the EEOC on January 19, 2012, as shown by an email from Yvonne Aguayo, Assistant Coordinator of the PHRC. Id. at page 37.

[3] "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002).

was a party to any PHRC administrative proceeding filed by Hayes. (Affidavit of Kozik ¶ 5).

ECF No. 35, page 6.

Plaintiff is not required to provide evidence in support of her request to amend her complaint. It appears from the arguments of the parties (as well as the limited evidentiary record before this Court) that there <u>may</u> have been an error or omission by the EEOC in the dual-filing process or in the notification of Kozik as to either or both the EEOC filing or the PHRC filing.[4]

Courts have held for decades that, "a Title VII complainant is not charged with the Commission's failure to perform its statutory duties." <u>McClease v. R.R. Donnelley & Sons Co.</u>, 226 F.Supp. 2d 695, 704 (E.D. Pa. 2002) <u>citing</u> <u>Russell v. American Tobacco Co.</u>, 52 F.2d 357, 365 (4th Cir. 1975) (rejecting defendants' argument that plaintiff's claim should be dismissed because the EEOC failed to serve defendants with a notice of the charges). "While it is a well-established tenet of administrative law that a Title VII … plaintiff must exhaust his administrative remedies before seeking judicial relief, it is equally well-established that such a plaintiff is also 'not charged with the EEOC's failure to perform its statutory duties.'" <u>Evans v. Maax-KSD Corp.</u>, 2006 WL 3488708, at *3 (E.D. Pa.) <u>citing</u> <u>McClease</u>, 226 F.Supp.2d at 704 (holding that the statute places the responsibility on the EEOC, not on a complainant, to issue a notice of a charge to an employer, and therefore the EEOC's failure to do so does not bar a plaintiff from seeking judicial relief in a federal court). <u>See</u> also <u>Watson v. Magee Women's Hospital</u>, 438 F.Supp. 581, 584 (W.D. Pa. 1977) ("While the EEOC failed to notify defendant

---

[4] This is a factual issue that is more appropriate to summary judgment or trial on a more fully developed record. Additionally, Defendants Kozik's argument that Plaintiff withdrew her claim against him during the course of the EEOC proceedings by implication is an issue that this Court need not reach today.

8

within the ten-day period, we can see no justification for denying a private individual access to federal court because of a delay on the part of a governmental agency.").

The facts at hand may be similar to those in DeLa Cruz v. Piccari Press, 521 F.Supp. 2d 424 (E.D. 2007). In DeLa Cruz, the plaintiff named two defendants in the EEOC Complaint, but the EEOC failed to both (1) name one of the defendants in the Charge and (2) serve that particular defendant with a copy of the Complaint and Charge. Id. at 431. The court held that the plaintiff "cannot be held responsible for the EEOC's failure to properly name a defendant or serve a copy of the charge." Id. It further held that the plaintiff had exhausted his administrative remedies with respect to that defendant because he had named the defendant in the EEOC Complaint and procured a right to sue letter. Id. at 432.

Here, Ms. Hayes alleges that she filed a Charge of Discrimination with the EEOC against both Waddell & Reed and Larry Kozik[5] and she seeks permission to amend the complaint to add that she dual-filed against both Defendants with the PHRC. Because the Federal Rules of Civil Procedure direct that leave to amend should be freely given, this Court should allow the

---

[5] Plaintiff clearly lists both Waddell & Reed and Larry Kozik as her employers on the EEOC form. ECF No. 34-2, page 3. In the attached Charge, Plaintiff indicates:

> … I believe that I was sexually harassed, discriminated against based on my gender, and retaliated against for my complaints about this harassment and discrimination by W&R and Kozik, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") as well as the Pennsylvania Human Relations act. As a result, I have suffered emotional distress, stress (and chest pains), anguish, humiliation, and loss of compensation, and I request an award of back pay, reinstatement or front pay, compensatory damages, punitive damages, interest, attorneys' fees and costs, and an order directing W&R and Kozik to cease and desist from its discriminatory and retaliatory practices and directing any other applicable injunctive relief, together with such further and additional relief as the Commission deems just and proper.

Id. at pages 8-9.

amendment and the motions to dismiss should be denied in this regard. See also Gooding v. Warner-Lambert Co., 744 F.2d 354 (3d Cir. 1984) (finding that trial court abused its discretion where it dismissed a Title VII claim for failure to allege exhaustion of administrative procedures without first granting leave to amend the complaint).

### E. Relationship between the Common Law Claims and the PHRA

Both Defendants argue that Plaintiff's common law claims (Count IX - intentional infliction of emotional distress[6], Count X - negligent infliction of emotional distress[7], and Count XI - prima facie tort[8]) should be dismissed because these claims arise out of Plaintiff's employment and are precluded by the PHRA.

The bringing of an action under the PHRA "shall exclude any other action, civil or criminal based upon the same grievance of the complaint concerned." 43 Pa. Const. Stat. § 962(b). Generally, common law claims are preempted by the PHRA when "there is no separate

---

[6] "The gravamen of the tort of intentional infliction of emotional distress is that the conduct complained of must be of an 'extreme or outrageous type.'" Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988) quoting Rinehimer v. Luzerne County Community College, 372 Pa.Super. 480 494 (1988). The Cox Court described: "it has been said that the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society. […] Indeed, the only instances in which courts applying Pennsylvania law have found conduct outrageous in the employment context is where an employer engaged in both sexual harassment and other retaliatory behavior against an employee." Id. at 395 (internal quotations omitted).

[7] Under Pennsylvania law, the cause of action for negligent infliction of emotional distress is restricted to four factual scenarios: "(1) situations where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative." Toney v. Chester County Hosp., 961 A.2d 192, 197-98 (Pa.Super.Ct. 2008).

[8] The prima facie tort is not cognizable in Pennsylvania. See discussion in Part G below.

10

set of facts alleging intentional tortious conduct outside of [the] employment relationship…" Hainan v. S & T Bank, 2011 WL 1628042, at *2 (W.D. Pa.). See also Randler v. Kountry Kraft Kitchens, 2012 WL 6561510, at *14 (M.D. Pa.) ("[T]he court notes that Randler has failed to come forward with any individual set of facts upon which to base her negligent supervision claim outside of those used to support her sexual harassment claims.").

In making this determination, this Court finds the opinion of Judge Jones particularly instructive. In Eubanks v. Wegman's Food Markets, Inc., Judge Jones described:

> [I]f all or part of the facts that would give rise to a discrimination claim would also independently support a common law claim, the common law claim is not preempted by the PHRA and need not be adjudicated within its framework. [In Keck,] [t]he Court provided an example that fits the factual framework before us, "if an employer effected all of the elements of intentional infliction of emotional distress upon an employee and chose to do so because the employee was black, the employer may be found liable for discrimination as well as for intentional infliction of emotional distress.

2006 WL 2504099, *4 (M.D. Pa. 2006), citing Keck v. Commercial Union Ins. Co., 758 F.Supp. 1034 (M.D.Pa. 1991). See generally Televandos v. Vacation Charters, Ltd., 264 Fed. Appx 190 (3d Cir. 2008) (intentional infliction of emotional distress claim analyzed separately from Title VII and PHRA claims).

Here, Plaintiff has alleged facts sufficient to support her emotional distress claims. Some of these allegations include: Kozik often threw objects at Hayes when she refused his sexual advances and pounded on her desk, punched her door, and punched the chair she was sitting in (ECF No. 1, ¶¶ 15, 40); Kozik intentionally exposed his genitals to her while masturbating on at least two occasions and Waddell & Reed took no action to rectify the situation after it was informed of the incidents (id. at ¶¶ 16, 17); Kozik repeatedly hugged her and pressed his genitals against her (id. at ¶ 19); Kozik stalked her outside of work repeatedly driving by her home and the home of her boyfriend (id. at ¶ 21); Kozik interfered with Hayes' ability to

11

cooperate with the criminal investigation of the rape of her 14-year-old daughter (id. at ¶¶ 22-23); and Waddell & Reed ignored Hayes' repeated complaints about Kozik's conduct (id. at ¶ 37).

Accordingly, Plaintiff's common-law claims are not necessarily barred by the PHRA. While the applicable case law creates a heavy burden for a plaintiff to prove either of these emotional distress claims, Hayes has alleged that she was subjected to conduct that may form the basis of such claims. It may be that discovery does not bear out these allegations, but Plaintiff should be allowed to proceed on these claims at this early stage of the proceedings.

### F.      Relationship between the Emotional Distress Claims and the PWCA

Next, both Defendants move to dismiss the emotional distress claims arguing that they are barred by the exclusivity provisions of the Pennsylvania Worker's Compensation Act. The exclusivity provision of the PWCA provides that "the liability of an employer under shall be exclusive and in place of any and all other liability to such employes [sic], his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law ..." 77 P.S. § 481(a). Generally, "the exclusivity provision bars claims for intentional and/or negligent infliction of emotional distress arising out of an employment relationship." Udujih v. City of Philadelphia, 2009 WL 3060412, at *10 (E.D. Pa. 2009) quoting Matczak v. Frankford Candy & Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997). See also Galezniak v. Millville Health Center, 2012 WL 140220, at *2 (M.D.Pa.) ("In the present matter, the sole basis for Plaintiff's claims of negligent and intentional infliction of emotional distress is defendant's alleged decision to terminate her employment. Accordingly, because

Plaintiff's claims arise from an employment relationship, those claims are barred by the PWCA.").

However, the exclusivity provision may be overcome in situations where the plaintiff can establish that the alleged conduct was "personal in nature and not part of the proper employer-employee relationship." Hoy v. Angelone, 456 Pa.Super. 596, 691 (Pa. Super.Ct. 1997). See also Ahmed v. Lowe's Home Ctrs., Inc., 346 F.App'x 816, 821 (3d Cir. 2009) ("There is, however, a narrow personal animus exception where the alleged injury was motivated by personal reasons as opposed to generalized contempt or hatred and did not arise in the course of employment."); Graudins v. Retro Fitness, LLC, 2013 WL 444669 (E.D. Pa. Feb.13, 2013); Schweitzer v. Rockwell International, 586 A.2d 383, 391 (Pa.Super.Ct. 1991) (finding that "the alleged emotional distress arose from harassment personal in nature and not part of the proper employer/employee relationship" was not automatically precluded by the PWCA).

Plaintiff has made several allegations, particularly against Kozik, that are sufficiently "personal in nature and not part of the proper employer/employee relationship": Kozik threw objects at her when she refused his advances (ECF No. 1, ¶ 15); Kozik exposed his genitals to her on two separate occasions (id. at ¶ 16); Kozik pressed his genitals against her (id. at ¶ 19); and Kozik stalked her outside of work (id. at ¶ 21).

The motions to dismiss should be denied.

### G. Prima Facie Tort

Both Defendants move for dismissal of Count XI on the basis that Pennsylvania law does not recognize a prima facie or "intentional" tort.

Although the Restatement (Second) of Torts[9] provides for such, the Pennsylvania Supreme Court has not recognized an independent claim for intentional or prima facie tort. See Cotner v. Yoxheimer, 2008 WL 2680872 (M.D. Pa. 2008); Garland v. US Airways, Inc., 2006 WL 2927271 (W.D. Pa.) (listing cases); Internet Billions Domains, Inc. v. Venetian Casino Resort LLC, 2002 WL 1610032 (E.D. Pa.). But see Devon IT, Inc. v. IBM Corp., 805 F.Supp.2d 110 (E.D. Pa. 2011) (allowing a prima facie tort claim to survive motion to dismiss where "if the claim were to be recognized in Pennsylvania, it should be subject to the New York law prima facie standard …").

Because prima facie tort is not a cognizable legal theory in Pennsylvania, the motion to dismiss should be granted and Count XI should be dismissed.

### H. Is Kozik an employer?

Finally, Kozik argues that he is not an employer under either Title VII or the ADEA.

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each weekly day in which of twenty or more calendar weeks in the current or preceding calendar year …" 42 U.S.C. § 2000e(b). ADEA defines an employer similarly, but with a twenty employee threshold. 29 U.S.C. § 630(a).

Hayes concedes that Kozik employs 5-6 employees, but she argues that under the "joint employer" doctrine[10], or alternatively under the "single employer" doctrine[11], Kozik employed

---

[9] Section 870 provides: One who intentionally causes injury to another is subject to liability to the other for that injury, if his conduct is generally culpable and not justifiable under the circumstances. This liability may be imposed although the actor's conduct does not come within a traditional category of tort liability. Restatement (Second) of Torts § 870 (1979).

[10] When "two entities exercise significant control over the same employees," courts apply the joint employer test. Graves v. Lowery, 177 F.3d 723, 727 (3d Cir. 1997). The joint employer

14

the requisite number of employees during the relevant time period. Because Waddell & Reed is a large publicly traded corporation (presumably with well over twenty employees), if Kozik is either a joint employer or a single employer with Waddell & Reed, he will be considered an employer for purposes of Title VII and ADEA.

Both the joint employer and the single employer doctrines involve fact-intensive analyses which are generally inappropriate at the motion to dismiss stage. "The precise contours of an employment relationship can only be established by a careful factual inquiry." Graves v. Lowery, 117 F.3d 723, 729 (3d Cir. 1997). See also Thompson v. U.S. Airways, Inc., 717 F.Supp.2d 468, 479 (E.D. Pa. 2010). Moreover, when the employment relationship is ambiguous or uncertain, such a fact-intensive analysis is essential, and the plaintiff's claims should not be dismissed at the pleading stage. Graves, 117 F.3d at 729. At the motion to dismiss stage, it need not be "entirely clear" that the factual allegations in the plaintiff's complaint will ultimately prove

---

test consists of three factors: (1) "authority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours"; (2) "day-to-day supervision of employees, including employee discipline"; and (3) "control of employee records, including payroll, insurance, taxes and the like." Ginsburg v. Aria Health Physician Services, 2012 WL 3778110, at *4 (E.D. Pa.) quoting Cella v. Villanova Univ., 2003 WL 329147 (E.D. Pa.).

[11] A company and its affiliates will be considered a "single employer" under Title VII when (1) the company has split itself into entities with less than fifteen employees intending to evade Title VII's reach, or (2) the parent company has directed subsidiary's discriminatory act of which employee is complaining, or (3) court would substantively consolidate entities in the context of bankruptcy proceedings. Nesbit v. Gears Unlimited, Inc., 347 F.3d 72 (3d Cir. 2003); Lazzaro v. Rite Aid Corp., 2010 WL 3279383 (W.D. Pa.). The Third Circuit has directed courts to adopt a "open-ended, equitable inquiry ... to determine when substantively to consolidate two entities." Nesbit, 347 F.3d at 86-7. Relevant factors include: the degree of unity between the entities with respect to ownership, management (both directors and officers), and business functions (e.g., hiring and personnel matters), whether the two entities present themselves as a single company such that third parties dealt with them as one unit, whether a parent company covers the salaries, expenses, or losses of its subsidiary, and whether one entity does business exclusively with the other. Id. at 87.

15

"joint employer" status. Myers v. Garfield & Johnson Enterprises, Inc., 679 F.Supp. 2d 598, 611 (E.D. Pa. 2010). Rather, the inquiry is whether a plaintiff "is entitled to offer evidence to support the claims." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Thompson, 717 F.Supp.2d at 479 (holding that plaintiffs had satisfied the notice pleading standard by alleging "several relevant facts that might suggest that [defendant] was a joint employer," despite the thin factual record); LeBlanc v. Delaware County Bd. of Prison Inspectors, 2011 WL 2745800, at *4 (E.D. Pa.) ("Bearing in mind that the joint employment analysis is fact-intensive, and that the record at the pleading stage is necessarily thin, plaintiffs have cleared, however narrowly, the hurdle established by courts in this Circuit.").

The "single employer" doctrine is similarly a fact-intensive analysis. It is "important to have the benefit of a fully developed record through discovery prior to resolving this issue" of whether an employer falls under the "single employer" doctrine. Gustovich v. St. Clair Hosp., Inc., 2008 WL 1840747, at *1 (W.D. Pa); see also Bygott v. Leaseway Transp. Corp., 622 F.Supp. 774, 780 (D.C. Pa. 1985) (recognizing that the "fact-finder, after considering all the circumstances, determines" whether an employer falls within the "single employer" doctrine).[12]

---

[12] Also relevant to the employer/employee inquiry is whether Hayes and/or Kozik were employees of Waddell & Reed. It is Waddell & Reed's position that neither Hayes nor Kozik were employees, but instead Kozik was a Financial Advisor "associated with Waddell & Reed as an independent contractor" and Plaintiff was an employee of Kozik. ECF No. 11, page 4 n.2.

Title VII defines "employee" as "an individual employed by an employer." 42 U.S.C. § 2000e(f). The Supreme Court has analyzed such vague statutory definitions using traditional principles of agency law providing a non-exhaustive list of factors relevant to the inquiry of whether an individual is an employee: the hiring party's right to control the manner and means by which the product is accomplished; the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's

At this preliminary stage of the proceedings, Plaintiff has set forth allegations sufficient to proceed under the joint employer and/or single employer doctrines. As to the joint employer doctrine, Plaintiff alleges that: she was employed by Waddell & Reed and Kozik (ECF No. 1, ¶ 2); Waddell & Reed and Kozik retaliated against her by terminating her employment after she complained about Kozik's behavior (id. at ¶ 11); Kozik hired and fired individuals who performed work for Waddell & Reed (id. at ¶¶ 26, 28-30); Plaintiff completed a Waddell & Reed job application and both Waddell & Reed corporate employees and Kozik interviewed Plaintiff (id. at ¶ 54); Kozik and Waddell & Reed assigned Plaintiff her job duties (id. at ¶¶ 57, 58, 68); Plaintiff reported to Kozik, as well as Mr. Tracz and Ms. Tomcho [Waddell & Reed management] (id. at ¶¶ 69-71); Plaintiff was compensated by both Waddell & Reed and Kozik (id. at ¶¶ 78, 79); Plaintiff's job description was provided by Waddell & Reed (id. at ¶ 55); Waddell & Reed provided Plaintiff with training materials and programs (id. at ¶ 56); Waddell & Reed supplied Plaintiff with a corporate email account, an office, computer, office supplies and corporate letterhead (id. at ¶ 60); and Waddell & Reed required her to work from that supplied office and dictated her working hours (id. at ¶¶ 62, 82).

The complaint also contains numerous allegations that support the single employer theory. For example, Plaintiff alleges that: she was employed by both Defendants (id. at ¶¶ 9, 11); Waddell & Reed was aware of Kozik's discriminatory and retaliatory treatment, but did

---

role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party. Nationwide Mut. Ins. Co. v. Darden 503 U.S. 318, 323-24 (1992). See also Walters v. Metropolitan Educ. Enters., 519 U.S. 202 (1997) (reiterating that Darden factors should be applied when determining whether an individual is an employee within the meaning of Title VII). Some courts have decided this question at the motion to dismiss stage, but only where the evidence was so strongly against the plaintiff that it was unnecessary to proceed any further in the case. See Kahn v. American Heritage Life Ins. Co., 324 F.Supp.2d 652, 656 (E.D. Pa. 2004).

nothing to remedy the situation (id. at ¶¶ 37, 40-43); Waddell & Reed was involved in the decision to terminate Plaintiff's employment (id. at ¶¶ 46-7); Kozik was under the control and management of Waddell & Reed (id. at ¶¶ 90-99); Plaintiff was paid a salary by Kozik, but Waddell & Reed reimbursed Kozik for a portion of that salary (id. at ¶ 78); Waddell & Reed instructed Kozik to "follow Waddell & Reed compensation guidelines" (id. at ¶ 77); Waddell & Reed required Plaintiff to attend corporate-sponsored events where she was introduced as a Waddell & Reed employee (id. at ¶ 66); Plaintiff had a corporate email account (dhayes@wradvisors.com) (id. at ¶ 60); Plaintiff planned Waddell & Reed's participation in various fairs, working with all financial advisors (not only Kozik) and staffing the Waddell & Reed booth herself to meet with potential clients (id. at ¶ 68).

At the motion to dismiss stage, where the court must accept all well-pleaded factual allegations as true, and must draw all reasonable inferences in favor of the non-moving party, there are sufficient allegations to support that Kozik is an employer within the meaning of Title VII and ADEA. Accordingly, Kozik's motion to dismiss should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that that the motion to dismiss filed by Defendant Waddell & Reed [ECF No. 10] be granted in part and denied in part and the motion to dismiss filed by Defendant Kozik [ECF No. 12] be granted in part and denied in part. Both motions to dismiss should be granted in regard to Count XI and should be denied in all other respects. It is further recommended that Plaintiff be permitted to file an amended complaint.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 14, 2013