**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEBRA S. HAYES, et al,               )<br>          Plaintiff,          )<br>     v.                           )<br>                                 )<br>WADDELL & REED, INC., et al,     )<br>          Defendants.          ) | C.A. No. 12-293 Erie |

**MEMORANDUM ORDER**

Now pending before the Court are DEFENDANT KOZIK'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 37), which are joined in part by Defendant Waddell & Reed, Inc., as to Section II(B) (preemption) and Section II(C) (personal animus under the Worker's Compensation Act) (ECF No. 40). Plaintiff Debra Hayes filed a brief in opposition to the Objections and they are ripe for disposition.

Plaintiff's 11-count Complaint in this employment discrimination action was received by the Clerk of Court on November 20, 2012, and was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. The magistrate judge's report and recommendation filed on August 13, 2013 (ECF No. 36), recommended that the motions to dismiss filed by Defendants be granted in regard to Count XI and denied in all other respects. It was further recommended that Plaintiff be permitted to file an amended complaint to plead exhaustion of her administrative remedies under the PHRA.

Defendants filed Objections as to Counts 1, 3, 5, 7, 9 and 10 of the Complaint. Because Magistrate Judge Baxter permitted Plaintiff to file an Amended Complaint, Defendants do not address the PHRA claims in Counts 2, 4, 6 and 8. In essence, Defendants contend that: (1) Kozik

was not subject to Title VII or ADEA liability under the "single employer" or "joint employer" theories; (2) Plaintiff's tort claims for emotional distress are preempted by the PHRA; and (3) in the alternative, the tort claims are barred by the Worker's Compensation Act.   As the Magistrate Judge noted, these contentions are highly fact-based, and Plaintiff has alleged sufficient facts to survive the motion to dismiss stage.   It will be incumbent upon Plaintiff to develop supporting evidence during discovery and Defendants will have a full opportunity to renew their contentions, if warranted, at the summary judgment stage.

 After de novo review of the petition and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:


AND NOW, this 26th day of September, 2013, it is hereby ORDERED, ADJUDGED and DECREED that the motion to dismiss filed by Defendant Waddell & Reed [ECF No. 10] is **GRANTED IN PART AND DENIED IN PART**; and the motion to dismiss filed by Defendant Kozik [ECF No. 12] is **GRANTED IN PART AND DENIED IN PART**. Both motions to dismiss are granted in regard to Count XI and are denied in all other respects.   IT IS FURTHER ORDERED that Plaintiff is permitted to file an amended complaint on or before October 10, 2013.

The report and recommendation of Magistrate Judge Baxter, dated August 13, 2013, is adopted as the opinion of the court.


/s Terrence F. McVerry  
TERRENCE F. McVERRY  
United States District Judge

cc: Susan Paradise Baxter
U.S. Magistrate Judge

all parties of record ____